# United States Court of Appeals
For the Eleventh Circuit

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 22 2005

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

No. 04-15621

District Court Docket No.
94-02081-CV-GET-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT

Jul 21, 2005

THOMAS K. KAHN
CLERK

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA,

        Plaintiff-Counter-
        Defendant-Appellee,

versus

OLYMPIA HOLDING CORPORATION
a.k.a. P-I-E Nationwide, Inc., et al.,

        Defendants-Counter-
        Claimant-Cross-Claimant,

LEONARD A. PELULLO,

        Defendant-Cross-
        Defendant-Counter-
        Claimant-Appellant,

JOSEPH M. FIORAVANTI,

        Defendant-Appellant,

NCNB NATIONAL BANK, et al.,

        Defendants-Counter-Claimants,

NATIONSBANK OF FLORIDA, N.A., et al.,

        Defendants.

---

Appeal from the United States District Court
for the Northern District of Georgia

---

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia

# JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

            Entered: July 21, 2005
For the Court: Thomas K. Kahn, Clerk
               By: Gilman, Nancy

*[Stamp: ISSUED AS MANDATE — AUG 1 9 2005 — U.S. COURT OF APPEALS, ATLANTA, GA.]*

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 21, 2005
THOMAS K. KAHN
CLERK

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 2 2 2005

LUTHER D. THOMAS, Clerk
By: Deputy Clerk

No. 04-15621
Non-Argument Calendar

D. C. Docket No. 94-02081-CV-GET-1

NATIONAL UNION FIRE INSURANCE COMPANY
OF PITTSBURGH, PENNSYLVANIA,

    Plaintiff-Counter-Defendant-
    Appellee,

versus

OLYMPIA HOLDING CORPORATION
a.k.a. P-I-E Nationwide, Inc., et al.,

    Defendants-Counter-Claimant-
    Cross-Claimant,

LEONARD A. PELULLO,

    Defendant-Cross-Defendant-
    Counter-Claimant-Appellant,

JOSEPH M. FIORAVANTI,

    Defendant-Appellant,

NCNB NATIONAL BANK, et al.,

                                        Defendants-Counter-Claimants,

NATIONSBANK OF FLORIDA, N.A., et al.,

                                                Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(July 21, 2005)**

Before BLACK, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

The district court imposed civil contempt sanctions of $283,172.80 on Leonard Pelullo and Joseph Fioravanti, Appellants, for violation of its March 31, 1997 permanent injunction. Appellants contend the district court abused its discretion by (1) finding them in contempt, (2) awarding an excessive amount of sanctions, and (3) not holding an evidentiary hearing. We affirm.

## I. BACKGROUND

In 1994, National Union Fire Insurance Company of Pittsburgh, Pennsylvania (National Union) filed an interpleader action to resolve competing claims under a directors and officers insurance policy (D & O policy) it issued to P-I-E Nationwide, Inc. Pelullo, an officer and director of P-I-E, was indicted in

2

Jacksonville, Florida (Jacksonville action), as well as in Philadelphia, Pennsylvania (Philadelphia action) and Newark, New Jersey (Newark action). Pelullo made claims for coverage and defense costs under the D & O policy, eventually gaining coverage for the Jacksonville action but not the Philadelphia or Newark actions.

On March 31, 1997, the district court granted National Union a permanent injunction "enjoining defendants from commencing or prosecuting any action affecting the proceeds of the policy." National Union and Pelullo also entered into a Defense Costs Funding Agreement ("DCFA"), which followed the district court's order and provided for defense costs to be provided from the D & O policy.

On November 7, 2000, Pelullo and other plaintiffs, with assistance from counsel, Fioravanti, filed a civil RICO action in Philadelphia against National Union, law firms insured by National Union, and law firms retained by National Union to represent entities controlled by Pelullo. The first amended complaint, filed in February 2001, alleged that National Union and other defendants sought to limit National Union's exposure by engaging in a RICO conspiracy, and made specific reference to the D & O policy and the March 31, 1997 district court order.

3

National Union filed a motion for order to show cause why Pelullo and Fioravanti should not be held in civil contempt for violating the March 31, 1997 permanent injunction, which the district court granted on October 2, 2001. Pelullo then filed a second amended complaint on November 21, 2001, which reasserted the earlier claims and added two new claims against National Union, including an allegation that National Union breached the DCFA and acted in bad faith.

On January 9, 2002, the district court issued an order finding Pelullo and Fioravanti in contempt and imposing sanctions. The monetary sanctions consisted of the "reasonable attorney's fees, costs and expenses" National Union incurred as a result of defending the RICO complaint, as well as the "reasonable attorney's fees, costs and expenses" incurred in prosecuting the motion for contempt. The district court also directed Pelullo and Fioravanti to dismiss the RICO action.

More than two years of wrangling ensued regarding the appropriate amount of sanctions. On December 3, 2003, the district court issued an order finding that National Union was entitled to recover fees incurred for defending Pelullo's RICO complaint through January 15, 2002, when those claims were dismissed, as well as fees incurred in prosecuting the motion for contempt.

The district court's final order was filed August 4, 2004, directing Pelullo and Fioravanti to pay $283,172.80 in sanctions, consisting of $219,128.97 for

4

National Union's RICO defense and $64,043.83 for National Union's prosecution of the motion for contempt. Pelullo and Fioravanti appeal.

## II. DISCUSSION

We review a grant or denial of civil contempt for an abuse of discretion. *Jove Eng'g, Inc. v. IRS*, 92 F.3d 1539, 1545 (11th Cir. 1996). District courts "have inherent power to enforce compliance with their lawful orders through civil contempt." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1301 (11th Cir. 1991) (citing *Shillitani v. United States*, 384 U.S. 364, 370, 86 S. Ct. 1531, 1535 (1966)). To achieve compliance, courts can impose both coercive and compensatory sanctions. *Id.* at 1304.

A.  *Finding of contempt*

The district court's January 9, 2002 order found Pelullo and Fioravanti in contempt of its March 31, 1997 permanent injunction. The 1997 order enjoined Pelullo "from commencing or prosecuting any action affecting the proceeds of the policy," which encompasses not only actions seeking the proceeds themselves but also any action concerning the proceeds or undermining the final judgment of the district court. The district court's January 2002 order found

> the only reasonable interpretation of the claims asserted by Pelullo is that the recovery sought would "affect [] the proceeds of the [D & O] policy" in violation of this court's permanent injunction. For

5

example, Pelullo alleges a breach of the Defense Funding Agreement which specifically provided for payment out of policy proceeds. Furthermore, the damages sought by Pelullo include legal fees for the Philadelphia, Newark and Jacksonville Criminal Actions which were the subject of the instant interpleader action. Such relief would directly affect the proceeds of the D & O policy.

We agree with the district court.

Civil contempt orders should be upheld if the defendant's contempt is clear and convincing, and demonstrates "(1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order." *McGregor v. Chierico*, 206 F.3d 1378, 1383 (11th Cir. 2000) (quotation omitted).

Pelullo and Fioravanti do not argue the district court's injunction was invalid or unlawful, or unclear and ambiguous. Nor do they argue they were unable to comply with the permanent injunction. Instead, they contend they did not willfully violate the district court's injunction, and therefore they should not be held in contempt. But their subjective intent is not relevant: "[T]he focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue." *Howard Johnson Co., Inc. v. Khimani*, 892 F.2d 1512, 1516 (11th Cir. 1990).

By itself, Count X of the RICO complaint violated the permanent injunction because, if successful, it would affect the proceeds of the D & O policy. Count X alleged National Union breached the DCFA, which concerned the payment of legal fees by National Union to Pelullo under the D & O policy. Under Count X, paragraph 208(a) sought "the damages alleged in paragraph 182." Paragraph 182 outlined damages suffered by Pelullo, including millions of dollars in legal fees for the Philadelphia and Newark actions. In other words, Pelullo's RICO complaint sought payment of legal fees, fines, forfeitures, and restitution for the Philadelphia and Newark actions. But the district court's June 4, 1996 judgment (amended by the March 31, 1997 judgment) denied coverage and legal fees for Pelullo's defense in the Philadelphia and Newark actions. Thus, the RICO complaint by Pelullo and Fioravanti would affect the proceeds of the D & O policy, which the district court's permanent injunction expressly prohibited.

Similarly, Count II alleged National Union organized and supervised a conspiracy to "ensure that M. Pelullo would remain incarcerated and be convicted in the Jacksonville Criminal Action, which conviction would then require Mr. Pelullo to reimburse National Union for Mr. Pelullo's legal fees and costs paid by National Union under the D & O policy." According to Count II, among the method and means employed by National Union included "National Union's

breach of its obligations under the D & O Policy and the Funding Agreement." If Pelullo succeeded on Count II, the proceeds of the D & O policy might be affected.

The district court correctly determined Pelullo's RICO complaint, if successful, would affect the D & O policy, and therefore violated its permanent injunction. We find no abuse of discretion.

B.   *Amount of sanctions*

Once a district court finds a party in contempt, it has "broad discretion in fashioning a contempt sanction." *Sizzler Family Steak Houses v. W. Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1536 n.8 (11th Cir. 1986). As noted above, sanctions can be imposed for both coercive and compensatory reasons. *Citronelle-Mobile*, 943 F.2d at 1304.

As part of its sanctions, the district court sought to compensate National Union for the costs it incurred in defending the RICO complaint and in prosecuting the civil contempt order. In its December 3, 2003 order, the district court reviewed the attorneys' fees paid by National Union, and found "the rates and hours billed are consistent with those charged by lawyers of similar experience in an action such as this." The August 4, 2004 final order reaffirmed this finding: "[B]ased on the court's review of the unredacted billing records filed

8

under seal by the plaintiff, the court adheres to its original finding that the fees requested by plaintiff are reasonable." Thus, on two separate occasions, the district court reviewed the attorneys' fees, costs, and expenses paid by National Union, and found them reasonable.

We find no abuse of discretion in the district court's calculation of sanctions for Pelullo's and Fioravanti's civil contempt.[1]

C.  *Evidentiary hearing*

Appellants contend the district court abused its discretion by failing to conduct an evidentiary hearing before holding them in contempt, claiming material facts were in dispute.

"[W]hen there are no disputed factual matters that require an evidentiary hearing, the court might properly dispense with the hearing prior to finding the defendant in contempt and sanctioning him." *Mercer v. Mitchell*, 908 F.2d 763, 769 n.11 (11th Cir. 1990). Here, there were no material issues of fact requiring an evidentiary hearing. The validity of the permanent injunction was never

---

[1] Relying principally on *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292 (11th Cir. 1988), Appellants seek to import the lodestar method of calculating attorneys' fees into a district court's calculation of sanctions, but we see no reason to do so. Sanctions for civil contempt are not equivalent with typical payment of attorneys' fees, and civil contempt sanctions do not require the use of the lodestar method. We yield to the broad discretion enjoyed by district courts in fashioning sanctions for civil contempt, and do not find the amount of sanctions unreasonable.

9

questioned, and neither party disputes that Pelullo and Fioravanti filed the RICO complaint. Neither party disputes the contents of that complaint, nor do they dispute the existence and validity of the DCFA. As to the amount of sanctions, National Union provided uncontradicted evidence of the attorneys' fees, costs, and expenses it paid.

Appellants challenge the *interpretation* of the facts, but not the existence of the facts themselves. Although they object to the fees paid by National Union, deeming them excessive, their concern goes to necessity and propriety, not the fact of whether the fees were paid.

With no disputed material facts in issue, the district court did not abuse its discretion by not holding an evidentiary hearing before finding Pelullo and Fioravanti in contempt.

## III. CONCLUSION

The district court did not abuse its discretion in finding Appellants in contempt. Nor did the district court abuse its discretion in determining the amount of sanctions, and by not holding an evidentiary hearing.

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

# United States Court of Appeals

Eleventh Circuit
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

**Thomas K. Kahn**
Clerk

For rules and forms visit
www.ca11.uscourts.gov

August 19, 2005

Luther D. Thomas
Clerk, U.S. District Court
75 SPRING ST SW STE 2211
ATLANTA GA 30303-3318

**Appeal Number: 04-15621-FF**
Case Style: National Union v. Olympia Holding
District Court Number: 94-02081 CV-GET-1

RECEIVED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 2 2 2005

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

The enclosed certified copy of the judgment and a copy of this court's opinion are hereby issued as the mandate of this court.

The district court clerk is requested to acknowledge receipt on the copy of this letter enclosed to the clerk.

A copy of this letter, and the judgment form if noted above, <u>but not a copy of the court's decision,</u> is also being mailed to counsel and pro se parties. A copy of the court's decision was previously mailed to counsel and pro se parties on the date it was issued.

Sincerely,

THOMAS K. KAHN, Clerk

Reply To: James O. Delaney (404) 335-6113

The Clerk shall retain custody of the record on appeal and the exhibits for use in a related appeal.

Encl.

MDT-1 (03-2004)